Matt Palmer Law Firm, PLC
Matt Palmer, AZ Bar No. 030590
matt@palmer.legal
237 W. Main St.
Mesa, AZ 85201
Phone: 480-264-0180
Fax: 888-584-2040
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Aurora Applied Waterborne Technologies, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Turley International Resources, LLC, an Arizona Limited Liability Company; Wet Edge Technologies, LLC, an Arizona Limited Liability Company,<br><br>Defendants. | Case No.:<br><br>Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing<br><br>Demand for Jury Trial |

## INTRODUCTION

1. This case concerns the breach of a contract between the parties under Arizona state law. On or about November 1, 2009, the parties signed a contract entitled Global Development and Supply Agreement ("the Agreement"). Under the

Agreement Plaintiff, Aurora Applied Waterborne Technologies, Inc., ("Aurora") sold certain applications used for the developing products used in swimming pool construction to Defendant Turley International Resources, LLC, ("Turley") as well as an affiliate of Turley, Wet Edge Technologies, LLC, ("Wet Edge") (collectively as "Defendants"). The parties later amended the Agreement in writing and added addenda. In the amendment and addenda, Aurora gave trade secrets and equipment to Defendants to allow them to manufacture products previously manufactured by Aurora. Defendants paid cash for Aurora's equipment, and in exchange for Aurora's trade secrets, Defendants agreed to pay Aurora royalties for the products produced. Beginning in 2011, Defendants made timely payments to Aurora. However, in late 2012, Defendants stopped making payments to Aurora, despite continuing to use the equipment and trade secrets acquired from Aurora. Aurora brings this suit for damages under the Agreement, amendment, and addenda.

**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction under 28 U.S.C. §1332. The amount in controversy exceeds $75,000. Aurora is an Ohio corporation with its principal place of business in Ohio. Turley is an Arizona limited liability company with its principal place of business in Mesa, Arizona. Wet Edge is an Arizona limited liability company with its principal place of business in Mesa, Arizona.

2. Venue is proper in the District of Arizona, pursuant to 28 U.S.C. §1391(b)(1), as Defendants both reside in Maricopa County, Arizona.

**PARTIES**

3. Plaintiff Aurora is an Ohio corporation with its principal place of business in Mason, Ohio.

4. Defendant Turley is an Arizona limited liability company with its principal place of business in Mesa, Arizona.

5. Defendant Wet Edge is an Arizona limited liability company with its principal place of business in Mesa, Arizona. Wet Edge is an affiliate and subsidiary of Turley and also a party to the addenda to the Agreement.

**FACTS**

6. Aurora was formerly in the business of developing products, processes, and technologies for glass and aggregate applications, as well as the manufacture of other products.

7. On or about November 1, 2009, the parties entered the Agreement, a copy of which is attached hereto as Exhibit 1.

8. Under the Agreement, Aurora was to supply certain products and applications exclusively to Defendants.

9. The Agreement contemplated additions by addendum. The parties executed a written amendment and several binding addenda which amended the Agreement.

10. On or about May 25, 2010, the parties executed a document entitled "Amendment to Exclusive Global Development and Supply Agreement" ("the Amendment"). Pursuant to the Amendment, Aurora would "cease production of raw ingredients used and outlined in the addendums to the agreement." Instead of producing these items, Aurora agreed to "inform [Turley]/Wet Edge of the sources and recipes of the raw ingredients for the purpose of [Turley] and/or its subsidiaries obtaining the raw ingredients directly from the suppliers and producing the ingredients as used to make the finished products as described in the addendums." Turley would then produce the finished products and pay Aurora a royalty for each product.

11. The Amendment lists the amounts of royalties to be paid for certain products. The Amendment also contains a list of equipment Aurora agreed to sell to Turley, the location of the equipment, and payment terms for the equipment.

12. Turley paid for the listed equipment in full, as agreed in the Amendment.

13. The parties also executed three, binding addenda ("the Addenda"). The first two addenda contain lists of products formerly made by Aurora, which would then be made by Defendants, and the royalty that Defendants would pay Aurora for the production of each product. The third addendum contained a list of products formerly made by Aurora, which would then be made by Defendants.

14. Initially, Defendants paid Aurora the sums due under the Agreement, the Amendment, and the Addenda. In calendar year 2011, Defendants paid Aurora approximately $65,000.00 under the Agreement and subsequent documents.

15. However, in late 2012, Defendants ceased making payments to Aurora in breach of the Agreement, the Amendment, and the Addenda.

16. Upon information and belief, Defendants continued to use the trade secrets and equipment acquired in the Agreement, the Amendment, and the Addenda to manufacture products covered under these documents after they ceased paying Aurora, in breach of the Agreement.

**FIRST COUNT—Breach of Contract (Arizona State Law)**
**(ALL DEFENDANTS)**

17. Aurora realleges and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

18. Aurora had a valid, binding contract with Defendants.

19. Pursuant to that contract, Aurora gave Defendants trade secrets used to manufacture certain products, and Aurora used the trade secrets to manufacture the products listed in the Amendment and the Addenda. Defendants agreed to pay Aurora amounts to be calculated pursuant to the production of the products listed in the Amendment and the Addenda.

20. Defendants have not paid sums due under the Agreement, the Amendment, and the Addenda, thus breaching their contractual obligations to Aurora and damaging Aurora by their failure to pay the sums due.

# SECOND COUNT—Breach of the Implied Covenant of Good Faith and Fair Dealing (Arizona State Law)
# (ALL DEFENDANTS)

21. Aurora realleges and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

22. In Arizona, a covenant of good faith and fair dealing is implied in every contract.

23. Under the Agreement, the Amendment, and the Addenda, Aurora expected to receive royalties from Defendants as Aurora's products were produced by Defendants using Aurora's trade secrets.

24. Defendants' failure to pay sums due has impaired Aurora's right to receive the benefits it expected pursuant to their contractual relationship and constitute a breach of the implied covenant of good faith and fair dealing.

25. Defendants' breach of the implied covenant of good faith and fair dealing has caused Aurora damages in the amounts due pursuant to the Agreement, the Amendment, and the Addenda.

//
//
//
//
//
//
//

WHEREFORE, Aurora prays for judgment against Defendants as follows:

A. Damages for breach of contract against Defendants jointly and severally;

B. Attorney's fees and costs, as provided in the Agreement and pursuant to A.R.S. §12-341 and §12-341.01;

C. Any further relief this Court deems just under the circumstances.

DATED this 2nd day of March, 2018.

**Matt Palmer Law Firm, PLC**

By: */s/ Matt Palmer*_____
Matt Palmer, Esq. No. 030590
matt@palmer.legal
237 W. Main St.
Mesa, AZ 85201
Phone: 480-264-0180
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all causes of action.

DATED this 2nd day of March, 2018.

**Matt Palmer Law Firm, PLC**


By: /s/ Matt Palmer_____
Matt Palmer, Esq. No. 030590
matt@palmer.legal
237 W. Main St.
Mesa, AZ 85201
Phone: 480-264-0180
*Attorney for Plaintiff*